IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD C. TIDWELL,<br><br>    Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE & CO., et al.,<br><br>    Defendants.                     / | No. C 11-01145 CRB<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER** |

    Pro se plaintiff Edward C. Tidwell has filed an application for a Temporary Restraining Order in this case. See generally App. (dckt. no. 4). This application is DENIED because it does not meet the requirements for relief. See generally Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 374, 172 L. Ed. 2d 249 (2008); Alliance for Wild Rockies v. Cottrell, No. 09-35756, 2010 WL 3665149, *8 (9th Cir. Sept. 22, 2010).

    In this Circuit "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies, 622 F.3d at 1052. Here, the Court recognizes that the balance of the hardship tips in favor of Plaintiff, but it is not convinced that he has raised serious questions going to the merits in his assertion that the foreclosure on his home was unlawful. Moreover, the "two other two elements" of Winter

have not been met, because Plaintiff has not established that he faces irreparable harm.

Plaintiff's home was already foreclosed upon, in February 2011, see App. (dckt. no. 4) at 4, following an October 2006 Notice of Default, see Compl. (dckt. no. 1) Ex. B, and he is seeking only to avoid "any further acts, transactions, sells [sic], transfers or from selling, attempting to sell, or causing to be sold, [sic] forced unlawful detainer-eviction or any such acts that would cause Plaintiff irreparable injury, harm, damages, inconveniences, or otherwise," see App. (dckt. no. 4) at 2.  Of course, the Court does not issue Temporary Restraining Orders to prevent "inconveniences," but eviction is more than an inconvenience. Nevertheless, Plaintiff's Application does not suggest that one is imminent.  See Sakala v. BAC Home Loans Servicing, LP, No. 10-00578 DAE-LEK, 2011 WL 719482, at *4 (D. Hawaii Feb. 22, 2011) ("mere possibility of irreparable harm is insufficient"); Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) ("To seek injunctive relief . . . the threat must be actual and imminent, not conjectural or hypothetical").  Nor would one appear to rise to the level of irreparable harm in this case.  See Wendt v. Edward D. "Tito" Smith, No. 02-1361-VAP (SGL), 2003 WL 21750676, at *3 (C.D. Cal. Jan. 30, 2003) ("eviction from property to which they have no legal claim does not amount to irreparable harm").

Accordingly, injunctive relief is not appropriate at this time.  Plaintiff's Application for Temporary Restraining Order is DENIED.

**IT IS SO ORDERED.**

Dated: March 21, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE