United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD C. TIDWELL,<br><br>      Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE & CO., et al.,<br><br>      Defendants._____ / | No. C 11-01145 CRB<br><br>**ORDER RE SUPPLEMENTAL BRIEFING AND CONTINUANCE** |

      Earlier today, the Court denied pre se Plaintiff Edward Tidwell's request for a continuance of the hearing on Defendants' Motion to Dismiss (dkt. 17), from June 3, 2011 to September 16, 2011.  See dkt. 47.  While the Court will not move the hearing for several months to allow for discovery, it does hereby move the hearing a couple of weeks to allow for additional briefing.

      The Court notes that, pursuant to Local Rule 7-3, Plaintiff's Opposition was due on May 13, 2011, and yet no formal Opposition was filed.  When the Court's deputy brought this to Plaintiff's attention, Plaintiff asserted that letters sent to the Court constituted his Opposition.  See, e.g., dkt. 30.  Subsequently, Defendants filed, in lieu of a true Reply Memorandum, a "Reply Memorandum re Non-Opposition to Motion to Dismiss," stating simply that "Defendants have not received any Opposition to the Motion to Dismiss." See dkt. 38.  And after that, on May 23, 2011, Plaintiff filed a "Further Opposition to Defendants' Motion to Dismiss," which addresses in some length Defendants' Motion.

See dkt. 40.

The Court would like to clarify some of the points in Plaintiff's Further Opposition.

First, Plaintiff asserts that Defendants' "Motion and supporting documents were prematurely filed before Defendants were legally served the Summons, Complaint and related documents." Id. at 2.[1] Defendants are ORDERED to respond to this assertion, in five pages or less, by noon on June 10, 2011.

Second, Plaintiff indicates an intent to abandon his federal claims, but that intent is not entirely clear. Under a heading that states "Plaintiff Properly Pled a Cause of Action for Violation of RICO ACT," Plaintiff writes: "Plaintiff does not object to the dismissal of his claim for Violation of RICO Act." Id. at 19. It is therefore unclear whether Plaintiff intends to abandon his RICO claim. Plaintiff next asserts unambiguously that he "does not object to the dismissal of his claim for Violation of Home Ownership Equity Protection Act." Id. But then, under a heading that states "Plaintiff does not object to Dismissal of Allegations relating to Violation of Real Estate Settlement Procedures Act," Plaintiff writes: " Plaintiff does not object to the dismissal of his claim for Violation of Home Ownership Equity Protection Act." Id. at 20. It is therefore unclear whether Plaintiff intends to abandon his RESPA claim. Similarly, under a heading that states "Plaintiff does not object to Dismissal of Allegations relating to Violation of Federal Truth-In-Lending Act," Plaintiff writes: "Plaintiff does not object to the dismissal of his claim for Violation of Home Ownership Equity Protection Act." Id. It is therefore unclear whether Plaintiff intends to abandon his TILA claim. Accordingly, Plaintiff is ORDERED to specify, in five pages or less, by noon on June 10, 2011, whether he intends to abandon (1) his RICO claim, (2) his RESPA claim, and (3) his TILA claim, in addition to his HOEPA claim.

The hearing on Defendants' Motion to Dismiss, originally calendared for June 3,

//

//

---

[1] Plaintiff also made this argument in his April 14, 2011 "opposition correspondence" to the Court. See dkt. 30.

2

2011, is hereby RE-SET for Thursday, June 16, 2011, at 10:00 am.

**IT IS SO ORDERED.**

Dated: June 1, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE