1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    EDWARD C. TIDWELL,                        No. C 11-1145 CRB

12              Plaintiff,                      **ORDER DENYING MOTION FOR
                                                RELIEF FROM JUDGMENT OR**
13        v.                                    **ORDER**

14    JPMORGAN CHASE & CO., et al.,

15              Defendants.
                                          /
16

17          Pro se plaintiff Edward C. Tidwell brought suit in March 2011 against numerous

18    defendants, alleging wrongdoing in connection with the origination of his home loan in 2005.

19    See dkt. 1.  In June 2011, the Court granted Defendants' Motion to Dismiss, finding that

20    Plaintiff's federal claims were time-barred.  See dkt. 58.  Although the Court dismissed

21    Plaintiff's federal claims with prejudice, it dismissed his state claims without prejudice to his

22    bringing them in state court.  Id.  Then, in August 2011, Plaintiff filed a Motion for Relief

23    from Judgment or Order, asserting that Plaintiff had "new and different facts that Defendants

24    committed acts and behaved in such manner in violation of federal regulations and

25    [statutes]."  See dkt. 77 at 2.  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter

26    suitable for disposition without oral argument, VACATES the hearing currently scheduled

27    for Friday, September 23, 2011, and DENIES Plaintiff's Motion.

28          Federal Rule of Civil Procedure 60 provides that a court may relieve a party from a

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  final judgment for, among other reasons, "newly discovered evidence that, with reasonable

2  diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

3  Although Plaintiff premises his Motion on "new and different facts," and "new and different

4  overwhelming factual evidence" that the Defendants violated the Real Estate Settlement

5  Procedures Act ("RESPA") and "other violations in that Defendants made false

6  representations and used Federal and Governmental agencies to obtain ill gain," see dkt. 77

7  at 2-3, the Motion fails to describe any such evidence.  Plaintiff apparently attempts to

8  provide such detail in an August 4, 2011 letter sent to the Court, which attaches a letter

9  Plaintiff sent to some of the defendants on July 5, 2011.  See dkt. 69.  That July letter, which

10  Plaintiff characterizes as a Qualified Written Request ("QWR") under RESPA, demands that

11  the defendants provide Plaintiff with numerous documents, and argues that the foreclosure

12  was unlawful.  Id. ("The evidence is overwhelmingly obvious and it has without doubt

13  exposed the scheme to fleece me out of title to my property.").  But the July letter does not

14  warrant relief from judgment.

15  Plaintiff sent the July letter after judgment had already been entered in this case.  Even

16  if it was in fact a QWR, or an appropriate mechanism for reviving a dismissed RESPA claim,

17  Plaintiff has not explained why either the July letter or any response (or lack of response)[1] to

18  it constitutes new evidence.  In addition, to the extent the July letter is an attempt to allege a

19  violation of RESPA involving loan servicing, see dkt. 69 (referring to "[a] QWR sent to the

20  servicer"), loan servicing was not the basis of the RESPA claim asserted in the Complaint,

21  see dkt. 1 ¶ 276 ("[i]n violation of 12 U.S.C. § 2607 and in connection with the mortgage

22  loan to Plaintiff . . . Defendants accepted charges for rendering of real estate services, which

23  were in fact charges for other than services actually performed"), and so the letter cannot be

24  new evidence of the original claim.

25  Rule 60 is to be "used sparingly as an equitable remedy to prevent manifest injustice."

26  See United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005).  Plaintiff has not

27

28

---

[1] Loan servicers have sixty days to respond to QWRs.  See 12 U.S.C. § 2605(e)(2).

1  demonstrated that there is manifest injustice here.  Accordingly, the hearing is VACATED

2  and the Motion is DENIED.

3      **IT IS SO ORDERED.**

4



5  Dated: September 21, 2011                    CHARLES  R. BREYER
                                               UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28